**WO**                                                                                                         SC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eric Brian Pearce,         ) | No. CV 06-2841-PHX-SMM (JJM) |
| Petitioner,      ) | **ORDER** |
| vs.                              ) | |
| Dora Schriro, et al.,      ) | |
| Respondents.   ) | |

Petitioner Eric Brian Pearce, who is confined in the Arizona State Prison Complex in the Santa Rita Unit in Tucson, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc.# 1.)[1] He has paid the $5.00 filing fee. The Court will require an answer to the Petition.

**I.    Petition**

Petitioner was convicted in Maricopa County Superior Court, case #CR2000-002604, of first degree and attempted first degree murder and was sentenced to natural life with a consecutive sentence of 21 years. (Id. at 1.) In his Petition, Petitioner names Dora Schriro as Respondent and the Arizona Attorney General as an Additional Respondent. Petitioner raises seven grounds for violation of his Sixth and Fourteenth Amendment rights. In Count I, he alleges denial of the right to a jury determination of factors supporting aggravated sentences and to the effective assistance of trial and appellate counsel regarding that issue. In Counts II-VI, he alleges denial of the right to the effective assistance of counsel based on

---

[1] "Doc.#" refers to the docket number of filings in this action.

**TERMPSREF**

1 trial counsel's alleged failure: (a) to properly challenge identification evidence; (b) to
2 properly investigate and present witnesses who could have "shown" his innocence; (c) to
3 accurately advise Petitioner about his right to testify in his own behalf at trial; (d) to cross-
4 examine prosecution witnesses; and (e) to request jury instructions supporting the defense
5 theory. Finally, in Count VII, Petitioner alleges violation of his rights to the effective
6 assistance of counsel based on the totality of counsel's representation prior to and during
7 trial.

8 It is unclear whether Petitioner has exhausted his claims. Even assuming that the
9 exhaustion requirement has not been met, it appears that any unexhausted claim may be
10 procedurally barred. In light of the possibility of procedural bar, a summary dismissal would
11 be inappropriate. See Castille v. Peoples, 489 U.S. 346, 351-52 (1989) (remanding where
12 petitioner failed to exhaust claims and it was not clear whether the claims were procedurally
13 barred). Accordingly, an answer is required. 28 U.S.C. § 2254(a).

14 **II.   Warnings**

15     **A.   Address Changes**

16 Petitioner must file and serve a notice of a change of address in accordance with Rule
17 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other
18 relief with a notice of change of address. Failure to comply may result in dismissal of this
19 action.

20     **B.   Copies**

21 Petitioner must serve Respondents, or counsel if an appearance has been entered, a
22 copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a
23 certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Petitioner
24 must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to
25 comply may result in the filing being stricken without further notice to Petitioner.

26     **C.   Possible Dismissal**

27 If Petitioner fails to timely comply with every provision of this Order, including these
28 warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet,

963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) The Clerk of Court must serve a copy of the Petition (doc.# 1) and this Order on the Respondent and the Attorney General of the State of Arizona by certified mail pursuant to Rule 4, Rules Governing Section 2254 Cases.

(2) Respondents must answer the Petition within 40 days of the date of service. Respondents must not file a dispositive motion in place of an answer but may file an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or non-retroactivity. If the answer is limited to affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer. Failure to set forth an affirmative defense in an answer may be treated as a waiver of the defense. Day v. McDonough, 126 S. Ct. 1675, 1684 (2006). If not limited to affirmative defenses, the answer must fully comply with all of the requirements of Rule 5 of the Rules Governing Section 2254 Cases.

(3) Petitioner may file a reply within 30 days from the date of service of the answer.

(4) This matter is referred to Magistrate Judge Jacqueline J. Marshall pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

DATED this 26th day of December, 2006.

Stephen M. McNamee
United States District Judge