1
2
3
4
5
6
7
8

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

9  Eric Brian Pearce,                          )      No. CV-06-2841-PHX-SMM (JR)
                                               )
10              Petitioner,                     )
                                               )
11  v.                                          )      **ORDER**
                                               )
12  Charles L. Ryan, et al.,                    )
                                               )
13              Defendants.                     )
                                               )
14  _____)

15          Pending before the Court is Petitioner's First Amended Petition for Habeas Corpus.

16  (Doc. 15.)  The matter was referred to Magistrate Judge Jacqueline M. Rateau for a Report

17  and Recommendation, who filed a Report and Recommendation with this Court

18  recommending that Petitioner's First Amended Petition be denied on its merits. (Doc. 120.)

19  Petitioner then filed his objections to the Report and Recommendation, Respondents

20  responded, and Petitioner submitted a reply.  (Docs. 130-132.) After considering the Report

21  and Recommendation, the arguments raised in Petitioner's Objections and his reply, the

22  Court will deny Petitioner's First Amended Petition for Habeas Corpus.

23                              **STANDARD OF REVIEW**

24          When reviewing a Magistrate Judge's Report and Recommendation, this Court "shall

25  make a *de novo* determination of those portions of the report . . . to which objection is made,"

26  and "may accept, reject, or modify, in whole or in part, the findings or recommendations

27  made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also Baxter v. Sullivan, 923

28  F.2d 1391, 1394 (9th Cir. 1991) (citing Britt v. Simi Valley Unified Sch. Dist., 708 F.2d 452,

1  454 (9th Cir. 1983)).

2  **DISCUSSION**[1]

3  Magistrate Judge Rateau filed a thorough fifty page Report and Recommendation

4  ("R&R") recommending denial of habeas relief for Petitioner's First Amended Petition for

5  Habeas Corpus.  (Doc. 120.)  Petitioner filed eleven objections to the R&R.  (Doc. 130.)

6  Respondents responded to each objection and Petitioner replied in support. (Docs. 131, 132.)

7  First, Petitioner raises several arguments regarding the R&R's statement of the

8  standard of review under the AEDPA, the standard of review regarding application of

9  Arizona's procedural default rules, the standard of review regarding cause and prejudice, and

10  the standard of review regarding fundamental miscarriage of justice.  The Court has reviewed

11  the R&R's statements of the standards of review objected to by Petitioner.  The Court finds

12  that the R&R's statements of the standards of review is correct and overrules Petitioner's

13  objection number one.

14  Moreover, to the extent that Petitioner's objection is but a general objection, the Court

15  is relieved of any obligation to review a general objection to the R & R.  See Thomas v. Arn,

16  474 U.S. 140, 149 (1985) (stating that no review at all is required for "any issue that is not

17  the subject of an objection."); United States v. Reyna–Tapia, 328 F.3d 1114, 1121 (9th Cir.

18  2003) (same).

19  Petitioner's second objection to the R&R's Blakely v. Washington, 542 U.S. 296

20  (2004), analysis stating that "retroactivity is irrelevant," is overruled because, as the R&R

21  correctly determines, Blakely was decided over one year after Petitioner's conviction had

22  become final, and was determined under Teague v. Lane, 489 U.S. 288 (1989), not to apply

23  retroactively.

24  Petitioner's third objection that none of his ineffective assistance of counsel ("IAC")

25  claims were waived or defaulted is overruled because the R&R properly found that Petitioner

26

27  ────────────────

28  [1]The factual and procedural history of this case is set forth in the Magistrate Judge's
Report and Recommendation. (Doc. 120.)

failed to exhaust all of his IAC claims in state court by failing to present them to the Arizona Court of Appeals.

Petitioner's fourth objection that proper exhaustion is shown on the record and therefore the R&R mistakenly conducted a cause and prejudice analysis and a fundamental miscarriage of justice analysis is overruled.  The R&R properly found that Petitioner did not exhaust all of his claims in state court and properly considered cause and prejudice and fundamental miscarriage of justice arguments.

Petitioner's fifth objection regarding the R&R's fundamental miscarriage of justice analysis is overruled.  Under Schlup v. Delo, 513 U.S. 298, 321 (1995), an exception to procedural default is limited to habeas petitioners who can establish that new evidence shows that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Here, Petitioner merely relitigates the evidence presented at trial.  The R&R properly found that such arguments do not establish that a fundamental miscarriage of justice occurred.

Petitioner's sixth objection argues that the R&R improperly found that the requirements of Alcala v. Woodford, 334 F.3d 862 (9th Cir.  2003) (applying pre-AEDPA standards) were not met regarding his IAC claim that counsel failed to call beneficial witnesses at trial. This objection is overruled because the testimony identified by Petitioner of the two witnesses not called at trial, Michael Perrin and Steven Anchondo, would have supported the prosecution's claim that Petitioner was the shooter by providing identification evidence, physical evidence of the handgun, and a motive. The R&R properly recommended that the state court's ruling was not an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984).  (See R&R, Doc. 120 at 32-34.)

Petitioner's seventh objection argues that the R&R improperly analyzed Missouri v. Frye, 132 S.Ct. 1399 (2012), alleging that his counsel improperly failed to advise him of a plea offer.  In Frye, the Court undertook the question of whether defense counsel had a duty to communicate the terms of a formal plea offer to his client on terms and conditions that may result in a lesser sentence, a conviction on lesser charges, or both.  Id.  The Court held

- 3 -

1    that defense counsel has the duty to communicate formal offers from the prosecution to

2    accept a plea on terms and conditions that may be favorable to the accused.  Id.  The Court

3    overrules Petitioner's objection because here there was no formal plea offer from the

4    prosecution and the R&R properly found no Frye violation.

5         Petitioner's eighth objection argues that the R&R improperly found that counsel did

6    not infringe his right to testify by failing to allow him to testify.  The Court overrules this

7    objection. The R&R considered the record, Petitioner's proposed testimony, and determined

8    that "the trial judge reasonably found that any error by trial counsel in advising [Petitioner]

9    about his right to testify did not prejudice [Petitioner]." (Doc. 120 at 38.)  The trial court

10   noted that Petitioner's testimony would not have affected the jury verdict because the

11   evidence of guilt was so strong.  (See id. at 36-38.)

12        Petitioner's ninth objection argues that the R&R improperly failed to consider the

13   merits of his State v. Willits, 96 Ariz. 184, 393 P.2d 274 (1964), claim.  The Court overrules

14   this objection because the R&R properly found this claim procedurally defaulted due to

15   Petitioner's failure to exhaust this claim during state court proceedings.

16        Petitioner's tenth objection argues that the trial court gave an unconstitutionally vague

17   jury instruction on premeditation, yet the R&R concluded that he had failed to satisfy the

18   standard for habeas relief.  Under the AEDPA, the standard for habeas relief is a state court's

19   unreasonable application of controlling U.S. Supreme Court precedent.  Williams v. Taylor,

20   529 U.S. 362, 399-400 (2001).The R&R properly determined that "[g]iven the lack of any

21   clearly established federal authority to the contrary, the Court cannot conclude that the

22   premeditation instruction given in [Petitioner's] case was unconstitutional." (Doc. 120 at 46.)

23   The tenth objection is overruled.

24        Petitioner's final objection is also overruled.   The R&R properly found that

25   Petitioner's supplemental new evidence claim was untimely and procedurally defaulted.

26   (Doc. 120 at 46-48.)

27                                    **CONCLUSION**

28        Accordingly, on the basis of the foregoing,

1   **IT IS HEREBY ORDERED** adopting the Report and  Recommendation of the

2   magistrate judge.  (Doc. 120.)

3   **IT IS FURTHER ORDERED** denying Petitioner's Objections.   (Doc. 130.)

4   Petitioner's First Amended Petition is **DISMISSED WITH PREJUDICE**.  (Doc. 15.)  The

5   Clerk of Court shall enter judgment for Respondents and terminate this case.

6   **IT IS FURTHER ORDERED** denying as moot Petitioner's motion for status.  (Doc.

7   135.)

8   **IT IS FURTHER ORDERED** that a Certificate of Appealability and leave to

9   proceed *in forma pauperis* on appeal are **DENIED** because Petitioner has not made a

10   substantial showing of the denial of a constitutional right and because the dismissal of certain

11   claims was justified by a plain procedural bar and jurists of reason would not find the

12   procedural ruling debatable.

13   DATED this 31st day of March, 2015.

14

15

16   Stephen M. McNamee

17   Senior United States District Judge

18

19

20

21

22

23

24

25

26

27

28